IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:19-HC-2029-BO

| | |
|---|---|
| RAYMOND R. JENNINGS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| JUSTIN ANDREWS, ) | |
| ) | |
| Respondent. ) | |

Petitioner, a former federal inmate, filed this petition for a writ of habeas corpus *pro se* pursuant to 28 U.S.C. § 2241. The matter now is before the court on respondent's motion to dismiss (DE 12) for lack of jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Petitioner did not respond. In this posture, the issues raised are ripe for adjudication.

## BACKGROUND

> On June 17, 2005, petitioner pled guilty pursuant to a written plea agreement to bank robbery by violence and aiding and abetting the same, in violation of 18 U.S.C. § 2113(a)(2). [Case No. 1:05–cr–15, Doc. 15: Plea Agreement; Doc. 31: Judgment]. Petitioner was designated as a career offender under U.S.S.G. § 4B1.1. See [Id., Doc. 42: Presentence Report]. On January 4, 2006, th[e] Court sentenced Petitioner to 151 months' imprisonment. See [Id., Doc. 31]. The Court entered judgment on January 19, 2006. [Id.]. Petitioner appealed, and the Fourth Circuit affirmed his conviction and sentence on December 18, 2006. *United States v. Jennings*, 210 Fed. App'x 314 (4th Cir.2006). The Fourth Circuit issued its mandate on January 11, 2007, and Petitioner did not file a petition for writ of certiorari with the Supreme Court.

Jennings v United States, No. 1:12-cv-289-MR, 2013 WL 2632601, at *1 (W.D.N.C. June 12, 2013).

On October 14, 2011, petitioner filed a motion to vacate, set aside, or correct his sentence pursuant

to 28 U.S.C. § 2255 in the sentencing court seeking relief pursuant to the Fourth Circuit's decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). Id. The sentencing court denied petitioner's § 2255 motion as time-barred. Id. at *3. The sentencing court, however, additionally noted that even if petitioner's action were not time-barred, he still would not have been entitled to relief because "he received a sentence that was less than the statutory maximum sentence allowed even without the sentencing enhancement." Id. (citation omitted). Petitioner appealed, and the Fourth Circuit dismissed the appeal. United States v. Jennings, 589 F. App'x 182 (4th Cir. 2015).

Petitioner subsequently was placed on supervised release. See United States v. Jennings, No. 1:17-CR-00161-CCE (M.D.N.C. Oct. 31, 2018). On October 31, 2018, the sentencing court revoked petitioner's supervised release, and petitioner was committed to the custody of the Federal Bureau of Prisons ("BOP") for a period of 13 months, followed by a six month period of supervised release. Id.

On January 9, 2019, petitioner filed the instant petition for a writ of habeas corpus *pro se* pursuant to 28 U.S.C. § 2241. Petitioner asserts that he no longer qualifies as a career offender pursuant to the Fourth Circuit's decision in Simmons, and that the BOP is using his state court offenses "to enhance [his] current revocation sentence which is causing [petitioner] to serve more time and remain in an extreme custody classification" in violation of Woodall v. FBOP, 432 F.3d 235 (3rd Cir. 2005). See (Pet. p. 7). Petitioner, additionally, raises claims pursuant to the First Step Act and asserts that the BOP did not "consider the five factors from 18 U.S.C. § 3621(B) . . . as evidenced by [petitioner's] unsigned reentry plan." (Id. p. 8). Because petitioner raised claims pursuant to the First Step Act, the court appointed the Federal Public Defender pursuant to the

2

court's standing order 19-SO-3. On July 9, 2019, petitioner was released from federal custody. See (DE 14, 16); www.bop.gov (last visited on Nov. 19, 2019).

On July 18, 2019, respondent moved to dismiss petitioner's Simmons-related claims for lack of jurisdiction pursuant to Rule 12(b)(1) and moved to dismiss petitioner's remaining claims as moot. On July 30, 2019, the court directed petitioner to show cause as to why this action should not be dismissed as moot given his release from federal custody. On August 5, 2019, the Federal Public Defender responded on behalf of petitioner and stated that petitioner's Simmons claim is not rendered moot by petitioner's release because petitioner still is subject to a term of supervised release. The Federal Public Defender, however, conceded that petitioner's remaining claims were rendered moot by his release. As a result, the court DISMISSES all of petitioner's claims, with the exception of his Simmons claim, as MOOT. Petitioner did not otherwise respond to respondent's motion to dismiss.

## DISCUSSION

Although petitioner filed his action under 28 U.S.C. § 2241, he is in fact attacking the legality, rather than the execution of, his conviction and sentence. The court may not consider a section 2241 motion challenging the legality of a petitioner's conviction and sentence unless "the remedy by [section 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997). Section 2255 "is inadequate and ineffective to test the legality" of a sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and

3

(4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018); see In re Jones, 226 F.3d 328, 333–34 (4th Cir. 2000). Section 2255 is "not rendered inadequate or ineffective merely because . . . an individual is procedurally barred from filing a [section] 2255 motion." Vial, 115 F.3d at 1194 n.5.

Here, petitioner is unable to satisfy the fourth prong of the Wheeler test, which requires that the sentence present an error sufficiently grave to be deemed a fundamental defect. Id. at 429. Alleged erroneous career offender designations imposed under the post-United States v. Booker, 543 U.S. 220, 245 (2005), advisory guidelines are not cognizable on federal habeas review because such errors do not amount to a fundamental defect resulting in a complete miscarriage of justice. Lester v. Flournoy, 909 F.3d 708, 715-16 (4th Cir. 2018); United States v. Foote, 784 F.3d 931, 942-43 (4th Cir. 2015); United States v. Booker, 543 U.S. 220, 245 (2005) (holding the sentencing guidelines are advisory); Bacon v. Entzel, No. 3:18-CV-148, 2019 WL 3418781, at *5-6 (N.D.W. Va. June 28, 2019). Because petitioner was sentenced as a career offender under the post-Booker advisory guidelines on January 4, 2006, his alleged sentencing error does not rise to the level of a "fundamental defect" and petitioner cannot satisfy the fourth prong of the Wheeler test.[1]

Due to the fact that petitioner has not satisfied the criteria set forth in Wheeler for demonstrating that § 2255 is an "inadequate or ineffective remedy," he must proceed with his claim pursuant to § 2255. See Wheeler, 886 F.3d at 429. The court, however, cannot convert this § 2241 petition into a § 2255 petition because petitioner previously filed such a petition. A second or

---

[1] The Federal Public Defender acknowledges that the Fourth Circuit in Foote and Lester held that the misapplication of the advisory Guidelines, including a misapplied career offender designation, is not a fundamental defect for purposes of 28 U.S.C. § 2255(e). See (DE 15), p. 1 n. 1).

4

successive § 2255 petition may not be brought prior to the United States Court of Appeals for the Fourth Circuit certifying that the new petition contains either newly discovered evidence or relies upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Petitioner does not allege that he has obtained such certification. Accordingly, he may not proceed with this claim pursuant to 28 U.S.C. §§ 2241 or 2255.

## CONCLUSION

In summary, respondent's motion to dismiss petitioner's Simmons claim (DE 12) is GRANTED. Petitioner's remaining claims are DISMISSED as MOOT. The court denies a certificate of appealability. See 28 U.S.C. § 2253(c). The Clerk of Court is DIRECTED to close this case.

SO ORDERED, this the __19__ day of November, 2019.

*Terrence Boyle*
TERRENCE W. BOYLE
Chief United States District Judge